AASE ELLEFSON, Appellant, v. Nels Ellefson, Respondent.

(184 N. W. 990.)

**Divorce — in granting divorce for incurable insanity, held proper to divide the property between plaintiff wife and the insane husband.**

Plaintiff was granted a decree of absolute divorce from defendant on the ground of his incurable insanity. The court in its decree made a division of defendant's property between them, giving to plaintiff all of it except property valued at about Twelve Thousand ($12,000.00) Dollars, which it permitted to remain in defendant's name, and as his portion of the property.

From the decree plaintiff appeals and assigns error in that the court did not decree her all of the property. It is *held* for reasons stated in the opinion that the decree was proper and without error.

Opinion filed October 19, 1921.

An appeal from the District Court of Sargent county, *Nuessle, J.*

Decree affirmed.

*John A. Jorgenson,* for appellant.

*John W. Carr,* for respondent.

GRACE, C. J. This was an action brought by the plaintiff against the defendant to obtain a divorce on the ground of his incurable insanity.

The material facts are as follows: Plaintiff and defendant intermarried in Norway in 1886, and they afterward removed to the United States and located in Sargent county, N. D. To the marriage were born seven children, all of whom are living with the exception of two, and all are of legal age except one.

In 1888 the defendant purchased the tree-claim rights of a third party to the southwest quarter of section 14, township 132 north of range 55, in Sargent county, N. D., and filed on the same as a homestead. In 1892 defendant purchased on crop payment the northwest quarter of the same section and later made full payment of the purchase price and received title thereto. In 1901 defendant was committed from Sargent county to the hospital for the insane at Jamestown. He escaped from there and

returned home, remaining there until January, 1903, when he was again committed to the said hospital, where he has ever since remained. It is claimed that his insanity is incurable.

Defendant was the owner of considerable personal property worth between $2,000 and $3,000, and $2,000 in cash at the time of the trial. The homestead of about 160 acres at this time was worth about $16,000, and the 160 acres which was purchased on contract was worth about $12,000. . Plaintiff at this time also appeared to have between $2,000 and $3,000 in cash and Liberty Bonds in her name.

The trial court granted the plaintiff a divorce and decreed to her all of defendant's property with the exception of the 160 acres which had been purchased on contract and which had been fully paid for by the defendant. In short, the trial court awarded her approximately $20,000 and left in the name of the defendant the land above mentioned of the value of about $12,000.

The only error assigned on this appeal is the refusal of the trial court to transfer the whole of the property to plaintiff instead of leaving in his name the northwest quarter of section 14, township 132, range 55. In this we are clear there is no error. The same rule we think would be applicable here as on division of property in a divorce proceeding based upon other statutory grounds for divorce than that of insanity'. The trial court made what it thought was a fair division of the property in all of the circumstances of the case.

It would seem that it has exercised a wise discretion in the matter ?·· one which should not be disturbed unless for more forceful reasons than have been presented to us. It is claimed, however, by the plaintiff, that all of her children signed a request that all of the property be transferred to their mother, the plaintiff. But notwithstanding this, the trial court thought it wise and just that a certain portion of the property should remain in the defendant's name, and we are unable to discover any good reason why its decree in this respect is not equitable and just. Certainly the amount left defendant will not be squandered, as it appears he will in all probability spend the remainder of his days in the hospital for the insane. There will also continue to be a guardian over his estate whether it be his wife, who has now procured a divorce, or some other competent person.

There is another very good reason why a portion of the property should be left in the name of the defendant. His estate, in the conditions.

mentioned in the statutes, § 2579 of the C. L. 1913 as amended by chap. 103 of the Laws of 1915, chap. 144 of Laws of 1919, and other amendatory laws, if any, may be charged with the expense incurred by any county in the state for his treatment and maintenance in the hospital for the insane.

Hence the wisdom of the decree of the trial court requiring that a portion of the estate remain in defendant's name, so that in the event such estate is properly and legally charged with any of such expense there will be property out of which it may be paid. The entire record has been examined with care, and we find no error committed by the trial court.

The judgment is affirmed. Respondent is entitled to his costs and disbursements on appeal.

CHRISTIANSON, ROBINSON, BRONSON, and BIRDZELL, JJ., concur.